Good morning, your honors. May it please the court. Lisa Cordera of Arnold & Porter on behalf of Appellant Nadarius Barnes. This case is about the important issue of the scope of assault on a federal officer under 18 U.S.C. 111. The government takes a position in this case that puts officers at greater risk than Congress intended when drafting the statute. Under binding precedent from this court and the Supreme Court, Section 111 can be violated with reckless conduct. In United States v. Hill, this court held that Section 111 is a general intent crime. Several decades later, in United States v. Zuni, this court held that general intent crimes correspond with a mens rea that includes recklessness. Later in the Supreme Court, in Borden v. United States, the court made clear that reckless conduct cannot constitute a crime of violence. Mr. Barnes is therefore innocent of his 924C charge and the court should vacate the judgment against him and remand for further proceedings. So didn't he plead guilty? He plead guilty, your honor. And it was an unconditional plea? That's correct. And why was it unconditional? It's not clear from the record. Mr. Barnes moved to dismiss the charge against him. He lost that motion. After that, he pled open to the two counts of the indictment. So doesn't that unconditional plea waive appellate review of these issues? No. The cases that the government cites on this issue are distinguishable for several reasons, but I'll start our argument with first principles. Mr. Barnes had no other way to preserve the issue under the government's theory other than going to trial. It's a purely legal issue. Well, he could have made a conditional plea. Sure. Yes, your honor. Other than getting consent from the government who had just won on the motion to dismiss issue or the court who had ruled against Mr. Barnes. So he could have either raised the issue again, which I don't think any rational defendant would have done. That happens every time you reserve an issue. You reserve it because you lost to the district court. Your honor, our position is that he did preserve it, but it cannot be conditional on the government's consent, whether that's preserved for appeal. Cases from this court and the Supreme Court make that clear. In this court, Barboa and Barnhart are best examples of cases that have gone on appeal from an open, I'm sorry, a plea that is not constitutional, doesn't go to subject matter jurisdiction, but does go to the power of the court to enter conviction. And here, because 924C, or excuse me, the 111 charge cannot support a 924C conviction, the court has no power to enter judgment of conviction, and the government has no power to prosecute it. Did you cite any cases to us where someone had been convicted of 111B based on a reckless act? Yes. Go ahead. Some of the examples that we highlight in our brief come from other circuits, United States v. Gagnon, where the defendant was resisting arrest essentially by being drunk and disrespectful in his boat. The officers had to use force against him. There was no intentional conduct there to use force against the officer. The evidence from the Fifth Circuit, the defendant was flailing her arms, not with the intent to hit the officer, but for the purpose of evading the handcuffs getting on her wrist. So just recklessly flailing her arms, the officer used force against her, and the court upheld the conviction there. There are several recent cases from the District of Columbia where reckless conduct has been held to be sufficient, and we think that's the right reading. Respond to our decision in Kendall. Our primary argument is that Kendall did not address the mens rea necessary to violate the statute. It addressed the actus reus, so intentional use of force, meaning that the force cannot be used by accident. The defendant couldn't have been pushed, and that is the use of force. To be— It wasn't in our language. I mean, we said conviction under 111B necessarily requires a finding that the defendant intentionally used, attempted to use, or threatened to use force against the person of another. We take that seriously if we said that. It may be wrong. Maybe it wasn't totally necessary to the decision, but it's the sort of thing we try to show respect for our prior decisions on, and they clearly said it. Do you agree that they said it? They said it, Your Honor. You're just saying, well, they didn't really mean it, or they didn't think about it, so you shouldn't pay attention. That's not the way we treat statements in our precedents. No, I disagree with that characterization of our position. Our position is that when the court spoke of the intentional use of force, it was the intent to use force, and not, as Borden clarified, which came after Kendall, so the panel there didn't have reason to anticipate this decision necessarily, clarified that the use of force as a second mens rea for 924C purposes, and the key clause in 924C that made the court come to that conclusion is against the person or property of another. So one cannot— One cannot intend to use it against the person or property of another. This is made clear to me in the Borden oral argument, they used a baseball analogy, so if I'm playing baseball, I intend to use force against the baseball. That's what Kendall addressed. But when I hit the ball and let go of the bat, it hits the person near me. I didn't intend to use force against that person. But when you aimed the bat at him, it did. That—certainly, that would be the double intent that Kendall didn't address, but the Supreme Court made clear in Borden as necessary. Well, I'm still concerned about the unconditional plea. There are four reasons you can now come in and contest it. This isn't one of them. I'm sorry, I didn't hear the second part of that question. I say, and this is not one of them. It's not—it's not double jeopardy. It's not—it's not a pretrial motion. It's not an unconstitutional statute. How do we—how do we get past that? It goes to the power of the court to enter a conviction. So— Well, it—it used to be only if the counsel was ineffective. That hasn't been raised. No, that's not our argument now. It's that under no facts, this—this is an error that cannot be— Once you've pleaded guilty, you've conceded that the accused did the act and that he did exactly what he was charged with. He—he conceded to the facts that constitute the elements of the crime. Actually, in the plea colloquy in count two, he—he really didn't plead to a crime of violence. He pleaded to using a firearm in the commission of count one. So he did plead to those facts. We're not contradicting those on appeal. Our position is that under no circumstance can those facts for violating 111 constitute a crime of violence sufficient to support a 924C charge. This court's decisions in Barboa and Barnhart support our position. They were not constitutional claims there. Barboa dealt with a defendant who pled guilty to conspiracy. The co-conspirator was a federal officer. The court held that even though he pled guilty, under no circumstances could those facts constitute a violation of the statute. So they allowed the defendant to appeal there. Barboa dealt with the use of a firearm definition. An intervening case clarified the—the definition of the use there. So the defendant argued on—I'm sorry, on a 2255 motion. Even though he pled guilty— Well, Barboa was saying that it was not really a crime that he was indicted for. That's our position, too. What, that he didn't commit a crime, period? It—I understand the disconnect. Just—just said he did? It's the categorical approach that I think is causing this disconnect. So we don't look for 924C purposes. We don't look to whether the actual facts of this case constitute a crime of violence or involves the intentional use of force. It's whether Section 111 can ever be violated without the knowing or intentional use of force. To illustrate the absurdity, frankly, of the position that 111 requires intent, this double intent, intent to use force and intent to use force against the person of another, we can look to this court's decision in Zuni. Oh, I'm hung up on Kendall. I thought maybe I had it wrong in my notes, so I just looked it up. Our sentence was, as the Fifth Circuit explained, that suggests we're agreeing, a, quote, conviction under 111B necessarily requires a finding the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another, period. My reading of Kendall is that it's the first intent, the intent to use the bat against the baseball, not to hit the person next to you, but even if— But why—but we say against the person of another. That's the— You want to— Yes, Your Honor, that's the full—that's the full sentence. Yeah. So to the extent Your Honors disagree with our position on that, then we would argue that Kendall has been abrogated by Borden. And Borden made clear that— And you can go on bonk if you want, see if we correct our presumed error. But that's not necessary here because Borden came after Kendall. That's true, if you think it undermined it. Yeah, really I think that Kendall didn't address the recklessness issue and Borden squarely addressed it. Okay. Go to your next point, then, if you want to say something. If I could just—I have one more point on Kendall. A quote that is helpful to me is, To determine if every violation of 111V is a crime or violence, we need only determine whether both an assault that causes bodily injury and an assault that, with a deadly weapon, involve the use, threatened use, or attempted use of force— I'm sorry, excuse me—use of violent physical force, they both do. So, I think that quote makes clear that Kendall was addressing the actus reus, the intent to use force. But regardless, Borden would have clarified that, and the court doesn't need to go on bonk to correct that. But it does—it is presented today with the opportunity to clarify the second mens rea that the Supreme Court has instructed is necessary to constitute a crime of violence. If I can return to my example in Zuni, there, the defendant was driving drunk on an Indian reservation, crossed over the highway line, caused a serious accident, injuring a 4-year-old child. The court made clear that there was no evidence that the defendant acted intentionally or purposefully. It was clear he was acting recklessly, and that was enough to satisfy assault causing bodily injury under Section 113A.6. Now, under the government's position in this case, if that 4-year-old was a federal officer, that would not violate Section 111. That would not constitute assault on a federal officer. We don't think that's the correct reading of 111. If the court doesn't have further questions, I'd like to reserve my time. Thank you. Thank you. Good morning, your honors. Brian Clark for the United States. May it please the court. Mr. Barnes's challenge to his Section 924C conviction is a non-starter for at least three reasons. First, he asked this court to overrule, by my count, at least three of its precedents, Kendall, Wolfname, and Devon. Second, he then asks this court to rely on the Barboa line of cases, which this court overruled in Devon. And then finally, he asks this court to go out on a limb and be the only circuit to hold that Section 111B can be committed recklessly. And so I'll start with the effect of Mr. Barnes's guilty plea. And he relies heavily on two cases, Barboa and Barnhart. Importantly, this court overruled those decisions, the Barboa line of cases, in Devon. And the reason is because Barboa relied on what Devon called sort of a conflation of a jurisdictional issue and the power of the government to hail a defendant into court. What Barboa said was that because the defendant claimed that he pled guilty to something that was not a crime, that was a jurisdictional defect in the indictment, which resulted in the district court lacking jurisdiction, and therefore the government lacking the power to bring the defendant into court. And what Devon said was, no, that's not the right way of looking at it. Under the Supreme Court's intervening decision in Cotton, a defect in an indictment is not a jurisdictional defect. It's not a jurisdictional problem. It doesn't go to the power of the court to adjudicate the matter. Rather, that type of claim and the type of claim that Mr. Barnes is making here goes to the merits, not jurisdiction. And that is why, and this is most clear in footnote four of Devon, where it explicitly says that because of the intervening decision of Cotton, that prior line of cases is no longer good law. And I think this makes a lot of sense when you look at the limited category of cases, Judge Kelly, that you were talking about. Those exceptions to the general rule, and I guess I should say it, the general rule is that a knowing, voluntary, and unconditional guilty plea forecloses all non-jurisdictional defenses. And then there are three, what this court calls narrow exceptions to that rule. And those are only for vindictive prosecution under Blackledge, double jeopardy under Mena, or for challenging the constitutionality of the statute of conviction. And what the Supreme Court, I think, made clear in class is that that set of claims, those types of claims, are where a defendant essentially serves a constitutional immunity to prosecution. That the government can't even bring the indictment constitutionally. But that's not what Mr. Barnes' argument is here. Mr. Barnes is just raising a statutory interpretation argument about what mens rea, section 111b requires. And so, respectfully, the Barboa line of cases is no longer good law and does not offer Mr. Barnes a way to get around the effect of his guilty plea. Moving to the merits of this claim regarding section 111b and whether it can be committed recklessly, I first want to note that this issue is before the court on plain error. And the reason it is, is because Mr. Barnes did not raise these arguments below. Below, he argued that section 111b was not a crime of violence because it only prohibited a causation of harm and did not have as an element the use of force. Even the district court judge noted this because in her decision denying his motion to dismiss, the district court judge said, and the defendant doesn't even argue that section 111b can be committed recklessly. Now, the judge did go on to say, sort of generally, that 111b cannot be committed recklessly. And it noted Kendall, for example, Judge Hartz. But that was not sufficient to preserve for Mr. Barnes the arguments that he's now making on appeal. The judge did not discuss or address the effect of Zuni. The court did not discuss or address the effect of the simple assault language in section 111b. So, all of the arguments that you're hearing this morning and that you see in the briefing are brand new on appeal. So, that's the first thing. Plain error review applies. The second piece is that with respect to your question, Judge Carson, about whether there have been cases where someone has been convicted of section 111 for reckless acts, I believe that the cases that you were given, Gagnon being one of them, are in circuits that interpret section 111b differently. And those cases, I believe, and I'm sure opposing counsel will correct me if I'm wrong, involved the application of the simple assault offense, the misdemeanor in section 111a. And in this court, it has held in wolf name that section 111, every section 111 offense requires an assault. But that's not true in other circuits. And so, I think that makes a difference and could explain some of the other cases that you've heard about. With respect to Kendall and whether Borden is an intervening case that allows this panel to go a different direction. Borden didn't interpret section 111, did he? Not at all. Not at all. And I'm not entirely sure how Borden could be treated as an intervening case in any event. But I will note that this court addressed Kendall after Borden in an unpublished decision called Newman, which is cited in our brief. And in Newman, this court rejected the very type of argument that Mr. Barnes was making this morning and stuck with Kendall, saying, look, in Kendall, just as you were saying, Judge Hartz, we explicitly said you have to act intentionally. And that it requires an intentional use, attempted use, or threatened use of physical force against the person of another. Both types of, for both acts, you have to do it intentionally. And in other courts, I believe the Fourth Circuit and McDaniel have interpreted Kendall that same way. And then with respect to Zuni, I think it's important to note that Zuni was not a section 111 case at all. It was a case that involved section 113A6. And that was assault basically on federal property. And that statute is worded differently. Importantly, in section 111B, it requires a forcible assault. And for the B problem, for that sort of most serious felony offense, it requires the use of a dangerous or deadly weapon or the infliction of bodily harm. Section 113A6 does not include that forcible requirement. And that requirement of the use of force is important. And it affects the mens rea that applies to section 111B. And I think looking at Borden, it offers a good example. Because when interpreting section 924C, what the court said was the word against, when it modifies use of force, it requires some more directed action than what a crime that can be committed recklessly might. So we're going to say that 924C predicate offense requires a mens rea of purposeful or knowing. Reckless won't cut it. And in 111B, you have very similar language where you have forcible, you have that use of force, and it has to be against a federal officer. And so when you take a step back and sort of look at, compare the language of section 111B to the language of section 924C, which is really the ultimate inquiry here, it makes sense that section 111B has the requisite, you know, requires a requisite mens rea and is a crime of violence. I would just note that in addition to Kendall, there is the Newman case, which I mentioned. But there's also a Supreme Court precedent in FIOLA. In FIOLA, the Supreme Court interpreted a very similar but an earlier version of section 111, and it said that it requires intent to assault. I'm not, I'm not sure how that could be read to include a mens rea of recklessness, an intent to assault. And this court's decision in Wolfname is similar. This court in Wolfname reversed because the defendant there showed that he didn't have an intent to harm the law enforcement officer. He was just trying to move the law enforcement officer's arm so the defendant could breathe. And based on that, this court held no, that the, it reversed his conviction. And so for all those reasons, this court's precedent, Supreme Court precedent, support the government's position that section 111B requires a mens rea of intentional or knowing, certainly cannot be satisfied by reckless conduct and that it is a crime of violence. And the other, I guess the last point I'll make is that the other circuits agree. And I would point the court to footnote 8 on pages 26 and 27 of the government's response brief. There we catalog cases where other circuits have said that section 111B requires a mens rea of knowing or intentional. Now all of those cases, to be sure, do not arise in the context of 924C or whether section 111B is a crime of violence. So I wanted to make sure that that was clear. But some of them do. And in the McDaniel case, I believe it's in footnote 14, the Fourth Circuit catalogs all the courts that have held that section 111B is a crime of violence. And I would end where I started, that if this court were to hold that section 111B is not a crime of violence, it would be the first to do so. So unless the court has any other questions, I will cede my remaining time. Thank you for your attention. And we ask that the court affirm. Thank you, counsel. Your Honors, I have four main points on rebuttal that I'll try and get out as quickly as possible. First, on the preservation issue, the issue was pressed below. And even if Your Honors disagree that it was pressed, it was rolled on by the district court. The court stated in its opinion denying the motion to dismiss, unlike the offenses in among other statements. Multiple cases cited by the government have made clear that when a district court sua sponte raises and explicitly resolves an issue on the merits, the appellant may challenge that ruling on appeal. And de novo, review applies. That's Hernandez, Rodriguez, and Tizone. As to whether Devon overruled Barboa and Barnhart, I disagree with the government's position on that. As Your Honor mentioned before, it would have required an en banc decision, first of all. Second of all, I do think it's more of an outlier. And a more recent case, also cited by the government's faith, stated that Devon was ultimately decided on plain error grounds, not on this plea waiver issue. This is not about just the sufficiency of the indictment. This is about the sufficiency of the plea. Whether the facts allocated to constitute or meet the elements of a crime, here they do not. And the Supreme Court in class at least made clear, and in Boese and in other cases, that that issue is not implicitly waived by an unconditional plea. This is not a case where the government and defendant negotiated a plea agreement, the issue was never raised. Here the issue was raised, briefed, ruled upon, and there was no benefit to the government in a plea agreement like there was in Spaith and Devon. As to the Borden-Kendall-Fiola, Fiola, like Borden, goes to general intent, the intent to use force, that first level of mens rea. And the whole thing in Kendall is that Section 111 satisfies 924C. It can be a crime of violence sufficient to support that charge. We don't know what intent is required by that decision. And the issue in Borden is whether a reckless intent is sufficient to constitute use of force against the person or property of another. The court held after Kendall that it was not. And the last point I'll make is that if this court holds that 111 requires knowing or purposeful conduct, it will be the only federal assault charge to our knowledge that cannot be committed recklessly, and is more narrow. Thank you. Thank you, counsel. The case is submitted. Counsel is excused.